

**Service of Process Transmittal**
06/25/2018
CT Log Number 533583409

TO: Sam Gall
Lyft, Inc.
185 Berry St Ste 5000
San Francisco, CA 94110

RE: **Process Served in Florida**

FOR: Lyft Florida, Inc. (Assumed Name) (Domestic State: DE)
Lyft, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MOISES FRANCO and other similarly situated individuals, Pltfs. vs. LYFT FLORIDA, INC., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Letter |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 2018018636CA01 |
| **NATURE OF ACTION:** | Employee Litigation - Class action - WAGE AND HOUR VIOLATION |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/25/2018 at 13:50 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | R. Martin Saenz<br>SAENZ & ANDERSON, PLLC<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, FL 33180<br>305-503-5131 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/26/2018, Expected Purge Date: 07/01/2018<br><br>Image SOP<br><br>Email Notification,  Lindsay Llewellyn  lllewellyn@lyft.com<br><br>Email Notification,  Sam Gall  sgall@lyft.com<br><br>Email Notification,  Anne Rupley  arupley@lyft.com<br><br>Email Notification,  Adrienne Young  adrienneyoung@lyft.com<br><br>Email Notification,  Sara Giardina  sgiardina@lyft.com<br><br>Email Notification,  John Pellegrini  jpellegrini@lyft.com<br><br>Email Notification,  Nick Clements  nclements@lyft.com |

Page 1 of  2 / JP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "A"



**Service of Process Transmittal**
06/25/2018
CT Log Number 533583409

**TO:** Sam Gall
Lyft, Inc.
185 Berry St Ste 5000
San Francisco, CA 94110

**RE:** **Process Served in Florida**

**FOR:** Lyft Florida, Inc. (Assumed Name) (Domestic State: DE)
Lyft, Inc. (True Name)

Email Notification, Sam Gall  sgall@lyft.com

**SIGNED:** C T Corporation System
**ADDRESS:** 1200 South Pine Island Road
Plantation, FL 33324
**TELEPHONE:** 954-473-5503

Page 2 of 2 / JP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2018-018636-CA-01 |
| **PLAINTIFF(S)**<br><br>MOISES FRANCO and other similarly situated individuals, | **VS. DEFENDANT(S)**<br><br>LYFT FLORIDA, INC., | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): LYFT FLORIDA, INC.

c/o C T CORPORATION SYSTEM

1200 SOUTH PINE ISLAND RD

PLANTATION, FL 33324

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: R. Martin Saenz, Esq.

whose address is: Saenz & Anderson, PLLC

20900 NE 30th Ave., Ste. 800, Aventura, FL 33180

6-25-18
1:50
#93

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _Daniel Martinez_<br>DEPUTY CLERK | JUN 2 2 2018<br>DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 01/11                                              Clerk's web address: www.miami-dadeclerk.com

Filing # 73005726 E-Filed 06/04/2018 10:17:43 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Moises Franco</u>
Plaintiff
    vs.
<u>LYFT FLORIDA, INC.</u>
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☒ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☐ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

5

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Ruben Martin Saenz     FL Bar No.: 640166
        Attorney or party                                              (Bar number, if attorney)

   Ruben Martin Saenz    06/04/2018
        (Type or print name)                                                Date

Filing # 73005726 E-Filed 06/04/2018 10:17:43 AM

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| | GENERAL JURISDICTION DIVISION |
| MOISES FRANCO and other similarly situated individuals, | |
| Plaintiff(s), | |
| v. | Case No.: |
| LYFT FLORIDA, INC., | |
| Defendant. | |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff FRANKO MOISES ("Moises" or "Plaintiff") and other similarly situated individuals sue defendant LYFT FLORIDA, INC. ("Lyft" or "Defendant"), and allege:

1. This is an action to recover money damages for unpaid wages under the laws of the United States and under Chapter 448, Florida Statutes. This is also an action under Florida common law and for attorney's fees thereon pursuant to Florida Statutes, § 448.08.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorneys' fees and costs.

4. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5. Defendant is a profit corporation, doing business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto were and is engaged in interstate commerce.

## FACTS

6. Lyft is a car service that provides drivers who can be hailed and dispatched through a mobile phone application. As set forth below, Lyft drivers must pay for the cost of their vehicles and all expenses related thereto, including insurance, fuel and many other costs and expenses.

7. Lyft provides car services in cities throughout the United States via an on-demand dispatch system.

8. Lyft offers customers the ability to hail a car service driver on a mobile phone application.

9. Lyft has classified its drivers as independent contractors.

10. Lyft drivers are employees within the meaning of the Act.

11. Lyft employees are required to follow detailed requirements imposed on them by Lyft, and they are graded or rates by riders, and are subject to termination, based on their failure to adhere to these requirements (such as rules regulating their conduct with customers, the cleanliness of their vehicles, and their timeliness in picking up rider customers and taking them to their destinations.)

12. In addition, Lyft is in the business of providing vehicle services to rider customers, and that is the service that Lyft drivers provide. The drivers' services are fully integrated into Lyft's business and, without the drivers, Lyft's business would not exist.

13. However, based on their misclassification as independent contractors, Lyft drivers are required to bear many of the expenses of their employer, including expenses for their vehicles, gas, and other expenses.

14. Lyft drivers do not need to possess special skills to perform their work.

15. Lyft unilaterally determines drivers' compensation method of payment and specifications, and standards for their vehicles.

16. Plaintiff worked for Lyft while the Lyft app was on, risking deactivation (i.e., termination of employment) for poor performance, and/or failures to accept ride requests while the Lyft app was on, and/or other purported violations of Lyft policies and procedures.

17. By these actions, Lyft has "suffered or permitted" the drivers to work for Lyft, thereby requiring that the drivers be treated as employees under the Act, 29 U.S.C. section 203(g).

## COUNT I: WAGE AND HOUR VIOLATION - FEDERAL (FAIR LABOR STANDARDS ACT)

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly situated to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

20. Section § 207(a)(1) of the Act states, "an employer must pay minimum wage of $5.15/hr. to an employee who is engaged in commerce ...." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21. The Act provides minimum standards that may be exceeded but cannot be waived or reduced. Employers must comply with any Federal, State, or municipal laws, regulations, or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. 541.4.

22. In Florida, the minimum wage in 2017 was $8.10 per hour.

23. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Lyft is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Lyft operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Lyft obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Lyft was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

24. By reason of the foregoing, Lyft is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Lion's. Lyft's business activities involve those to which the Act applies. Lyft is a personal car driver business and, through its business activity, affects interstate commerce. Plaintiff's work for Lyft likewise affects interstate commerce. Plaintiff was employed by Lyft as a driver.

25. While employed by Lyft, Plaintiff performed driving services for which he was not compensated. Plaintiff was employed as a driver performing the same or similar duties as that of those other similarly situated drivers whom Plaintiff observed working for the Defendant.

26. Plaintiff was not compensated for service provided in late January-early February in an amount totaling at least **$567.** Plaintiff seeks to recover unpaid minimum wages

accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

27.   Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid wages is as follows:

<u>MINIMUM WAGE</u>: $8.10 x 70 hours = $567

**TOTAL DAMAGES: $567 x 2 (liquidated damages) = $1,134, plus reasonable attorneys' fees and costs of suit.**

28.   At all times material hereto, Lyft failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services for Defendant and Defendant failed to properly pay them at the correct minimum wage dictated by law. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Lyft who are and who were subject to the unlawful payroll practices and procedures of Lyft and were not properly paid minimum wages.

29.   Lyft knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff's and those similarly situated employee's employment with Lyft as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. Lyft never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

30. Lyft willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Lyft as set forth above.

31. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against Lyft on the basis of Lyft's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: FLSA RECORDKEEPING

32. Plaintiff, on behalf of himself and others similarly situated, repeats and re-alleges each and every allegation of paragraph 1-31 with the same effect as though fully set forth herein.

33. Lyft failed (and continues to fail) to make, keep, and preserve accurate records with respect to Plaintiff, including hours worked each workday and total hours worked each workweek, as required by the Act, 29 U.S.C. § 211(c), and supporting federal regulations.

34. The lack of recordkeeping has harmed the Plaintiff and the putative collective action members and creates a rebuttable presumption that the employees' estimates of hours worked and miles driven are accurate under *Anderson v. Mt. Clemens Pottery Co.*, 29 U.S. 680, 687-88 (1946).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Plaintiff and others similarly situated and ordering the prompt issuance of notice pursuant to 29 US.C. § 216(b) to all similarly situated employees, apprising them of the pendency to this action, permitting them to assert timely claims under the Act in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the collective action members;

B. Equitable tolling of the statute of limitations from the date of the filing of this Complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

C. An award of compensatory damages as a result of Lyft's failure to pay minimum wage, overtime compensation, and tips pursuant to the Act and the supporting regulations.

D. An award of liquidated damages and/or punitive damages in the amount of the unpaid minimum wage, overtime wages, and tips as a result of Lyft's willful failure to pay minimum wage and overtime compensation pursuant to the Act;

E. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

F. Such other and further relief as this Court deems just and proper.

### COUNT III: UNPAID WAGES UNDER THE FLORIDA MINIMUM WAGE ACT, SECTION 448.110, FLORIDA STATUTES

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

36. This is an action to enforce and obtain relief under Florida's minimum wage provisions, namely Article 10, Section 24 of the Florida Constitution and the Florida Minimum Wage Act set forth in § 448.110, Fla. Stat. (the "FMWA").

37. Lyft is, and at all times mentioned was, a corporation organized and existing under the laws of Florida, with its principal place of business in Miami-Dade County, Florida.

38. Lyft is a personal car driver business.

39. Lyft employed Plaintiff for the time period from approximately January 12, 2017, through February 12, 2017.

40. Plaintiff was employed by Defendant as a car driver, and fully performed his duties as directed. All the hours worked by Plaintiff were worked within the State of Florida.

41. Pursuant to Article 10, Section 24 of the Florida Constitution and the FMWA set forth in § 448.110, Fla. Stat., in the year 2017, payment of an hourly wage of less than $8.10 is unlawful.

42. Plaintiff performed multiple services for which he was not compensated, which means that Plaintiff was paid at the rate below the required minimum wage.

43. Pursuant to the above-cited minimum wage provisions, Plaintiff should have received at least $567.

44. Defendant, therefore, owes Plaintiff **$567**, which represents the amount Defendant should have paid for that period pursuant to the minimum wage provisions.

45. Despite Plaintiff's demands, Defendant refused and continues to refuse to pay Plaintiff the amount owed.

46. On or about March 31, 2017, Plaintiff provided Defendant with written notice of intent to initiate an action to enforce the above-cited minimum wage provisions. A copy of this notice is attached to this Complaint and marked Exhibit "A." This notice identified the estimated wages to which Plaintiff claims entitlement, the estimated work dates and hours for which payment is sought, and the total amount of unpaid wages through the date of the notice.

47. More than 15 calendar days have passed since Defendant received this notice, and Defendant has neither paid the total amount of unpaid wages nor otherwise resolved the claim to the satisfaction of Plaintiff.

48. Defendant knew and/or showed a reckless disregard of the provisions of the FMWA concerning the payment of minimum wages and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

49. Defendant willfully and intentionally refused to pay Plaintiff the referenced minimum wages as required by the FMWA.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

A. Back pay in the form of lost wages, including lost benefits, plus interest;

B. Liquidated damages;

C. Costs of this action, together with reasonable attorneys' fees; and

D. Such other and further relief as this Court deems equitable and just.

### COUNT IV: BREACH OF CONTRACT UNDER FLORIDA COMMON LAW

50. Plaintiff incorporates herein Paragraph Numbers 1 through 49.

51. Plaintiff and Defendant entered into a verbal agreement (the "Agreement").

52. Pursuant to the terms of the Agreement, Lyft promised to pay Plaintiff a rate after Lyft discounted fees from rides the Plaintiff offered on behalf of Lyft.

53. Plaintiff has fully performed the Agreement.

54. Defendant breached the Agreement by unlawfully retaining Plaintiff's moneys earned for services performed by Plaintiff (approximately $312).

55. As a result of Defendant's breach of the Agreement, Plaintiff has been damaged.

56. Plaintiff has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

A. Back pay in the form of lost wages, including lost benefits, plus interest;

B. Costs of this action, together with reasonable attorneys' fees;

C. Post-judgment interest; and

D. Such other and further relief as this Court deems equitable and just.

### COUNT V: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) – RETALIATORY DISCHARGE

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 34 above as if set out in full herein.

58. Defendant willfully and intentionally refused to pay Plaintiff his legally owed minimum wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

59. Section 206(a)(3) of the Act states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

60. Plaintiff complained to Defendant that he was owed moneys for the time he spent providing transportation services to Defendant.

61. On or about February 6, 2017, Lyft fired Plaintiff.

62. The motivating factor, which caused Plaintiff's discharge as described above, was his complaint seeking the payment of minimum wages from the Defendant. Alternatively, Plaintiff would not have been fired but for his complaint about unpaid minimum wages.

63. Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Order reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and

pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: June 4, 2018.

                                                        Respectfully submitted,

                                                        By:  /s/ R. Martin Saenz
                                                        R. Martin Saenz, Esquire
                                                        Fla. Bar No.: 0640166
                                                        Email: msaenz@saenzanderson.com
                                                        SAENZ & ANDERSON, PLLC
                                                        20900 NE 30th Avenue, Ste. 800
                                                        Aventura, Florida 33180
                                                        Telephone: (305) 503-5131
                                                        Facsimile:  (888) 270-5549



# SAENZ & ANDERSON
ATTORNEYS AT LAW

RUBEN MARTIN SAENZ  
ILONA DEMENINA ANDERSON

20900 NE 30TH AVE, SUITE 800  
AVENTURA, FLORIDA 33180  
TELEPHONE (305) 503-5131  
TELEFAX (888) 270-5549

MSAENZ@SAENZANDERSON.COM  
ILONA@SAENZANDERSON.COM

March 31, 2017

*** SENT VIA REGULAR U.S. MAIL ***

LYFT FLORIDA, INC.  
c/o C T CORPORATION SYSTEM  
1200 SOUTH PINE ISLAND RD  
PLANTATION, FL 33324

c/o JOHN ZIMMER  
2300 HARRISON ST.  
SAN FRANCISCO, CA 94110

Re:   MOISES FRANCO and Other Similarly Situated Individuals  
      **NOTICE OF INTENT TO INITIATE LITIGATION**

We have been retained by MOISES FRANCO ("Our Client") to represent him in a claim for unpaid wages under Florida and Federal law against LYFT FLORIDA, INC. ("You").

Our Client, who can be reached at c/o Saenz & Anderson, PLLC, 20900 NE 30th Avenue, Ste. 800, Aventura, Florida 33180, hereby notifies You, pursuant to Florida Statutes § 448.110, of his intent to bring a civil action against You to recover unpaid wages.

Our Client was employed by You as a driver in January of 2017.

While employed by You, Our Client worked approximately 70 hours and you did not pay him for these hours. This is considered wage theft, which makes you liable for actual damages, liquidated damages, and attorney's fees and costs under Florida and Federal law.

To avoid litigation, Our Client has authorized us to settle all of his claims (including attorney's fees), for **$2,000**.

Florida Statutes § 448.110 affords you 15 calendar days to resolve this matter before suit will be brought against You for recovery of unpaid wages, liquidated damages, and attorney's fees and costs.

Sincerely,

R. Martin Saenz, Esq.

www.saenzanderson.com





# SAENZ & ANDERSON
### ATTORNEYS AT LAW

RUBEN MARTIN SAENZ
ILONA DEMENINA ANDERSON

20900 NE 30TH AVE, SUITE 800
AVENTURA, FLORIDA 33180
TELEPHONE (305) 503-5131
TELEFAX (888) 270-5549

MSAENZ@SAENZANDERSON.COM
ILONA@SAENZANDERSON.COM

March 31, 2017

*** SENT VIA REGULAR U.S. MAIL ***

LYFT FLORIDA, INC.
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD
PLANTATION, FL 33324

c/o JOHN ZIMMER
2300 HARRISON ST.
SAN FRANCISCO, CA 94110

Re:   **MOISES FRANCO and Other Similarly Situated Individuals**
      **NOTICE OF INTENT TO INITIATE LITIGATION**

We have been retained by MOISES FRANCO ("Our Client") to represent him in a claim for unpaid wages under Florida and Federal law against LYFT FLORIDA, INC. ("You").

Our Client, who can be reached at c/o Saenz & Anderson, PLLC, 20900 NE 30th Avenue, Ste. 800, Aventura, Florida 33180, hereby notifies You, pursuant to Florida Statutes § 448.110, of his intent to bring a civil action against You to recover unpaid wages.

Our Client was employed by You as a driver in January of 2017.

While employed by You, Our Client worked approximately 70 hours and you did not pay him for these hours. This is considered wage theft, which makes you liable for actual damages, liquidated damages, and attorney's fees and costs under Florida and Federal law.

To avoid litigation, Our Client has authorized us to settle all of his claims (including attorney's fees), for **$2,000**.

Florida Statutes § 448.110 affords you 15 calendar days to resolve this matter before suit will be brought against You for recovery of unpaid wages, liquidated damages, and attorney's fees and costs.

Sincerely,

R. Martin Saenz, Esq.

www.saenzanderson.com

