UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 18-23022-CIV-MARTINEZ

MOISES FRANCO,

        Plaintiffs,

v.

LYFT FLORIDA, INC., *et al.*

        Defendant.

**JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MOISES FRANCO ("Plaintiff"), and Defendant, LYFT FLORIDA, INC. ("Defendant") (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between Plaintiff and Defendant is attached as **Exhibit "A"**.

    **I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by individuals. First, 29 U.S.C. § 216(c) of the FLSA allows an individual to settle and waive their claims under the FLSA if the payment of allegedly due unpaid wages by the purported employer to the purported employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by a purported employee against

a purported employer under section 216(b) of the FLSA, an individual may settle and release FLSA claims against a purported employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his alleged former employer, which was adversarial in nature.

The settlement agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendant discussed (extensively) the Plaintiff's alleged claim for unpaid wages, purported pay rate, the applicability of defenses, calculation of damages, jurisdiction, arbitration, coverage, and the applicable statute of limitations, and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations. Contemporaneously, the Parties engaged in informal discovery to narrow the issues before any substantial litigation ensued. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

**II.     Terms of Settlement**

This case involved a claim for unpaid minimum/regular wages. The Plaintiff used Defendant's peer-to-peer ridesharing platform and mobile-phone application to perform services as a driver. Plaintiff claims he was an employee of Defendant. Defendant claims Plaintiff was an independent contractor. The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, whether the Plaintiff's claims were subject to arbitration, and exchanged all relevant records. Given the Parties' respective positions on the issue of jurisdiction, classification and pay, the Parties agree that they would incur great expense litigating these issues. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant, the Parties agree that $1,500 to Plaintiff is a fair compromise. As a result, the settlement agreed upon in this matter – total payment of $3,500 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. $530 as payment for reimbursement of filing fees and service of process payable to Plaintiff;

b. $485 as payment for alleged unpaid minimum wages to Plaintiff;

c. $485 as payment for alleged liquidated damages to Plaintiff; and

d. $2,000 as payment for attorney's fees payable to Saenz & Anderson, PLLC.

The attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Respectfully submitted,

| | |
|---|---|
| **s/ R. Martin Saenz**<br>R. Martin Saenz<br>(FBN: 0640166)<br>E-mail: msaenz@saenzanderson.com<br>SAENZ & ANDERSON, PLLC<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br>Facsimile: (888) 270-5549<br>*Counsel for Plaintiff(s)* | **s/Christine F. Gay**<br>Christine F. Gay<br>(FBN: 026009)<br>HOLLAND & KNIGHT LLP<br>Attorneys for Defendant<br>Holland & Knight LLP<br>701 Brickell Avenue, Suite 3300<br>Miami, Florida 33131<br>(305) 374-8500<br>(305) 789-7799 (fax)<br>*Attorney for Defendant(s)* |

### CERTIFICATE OF SERVICE

I hereby certify that on August 08, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **R. Martin Saenz**

### SERVICE LIST

**MOISES FRANCO v. LYFT FLORIDA, INC.**
18-23022-CIV-MARTINEZ
**United States District Court, District of Florida**

R. Martin Saenz
E-Mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*

Christine F. Gay
HOLLAND & KNIGHT LLP
Attorneys for Defendant
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (fax)
*Attorney for Defendant(s)*